Stephen P. Dewey (SD1354)
1 Gilbert Park
Ossining NY 10562
Mailing Address:
P.O. Box 2511
Briarcliff Manor NY 10510
(914) 923-6401

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK                    Civil Action No: 14 cv 1168-JS-WDW
-------------------------------------------------------------------X

KEVIN BLAKE,
          Plaintiff,
  -against-              **ANSWER**
                      with
LAW OFFICE OF STEPHEN P. DEWEY,      **COUNTERCLAIM**
          Defendant.
-------------------------------------------------------------------X

  STEPHEN P. DEWEY, ESQ., now appears and in answering the Plaintiff, respectfully alleges upon information and belief as follows states as follows:

## INTRODUCTION

  1. Defendant denies knowledge or lacks information sufficient to state an answer to paragraph numbered "1 " in the Complaint.  Defendant is not a "consumer" as defined by 15 U.S.C. § 1692(a)(3), *et. seq.* and refers all questions of law to the Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

  2. Defendant lacks information sufficient to state an answer to paragraph numbered "2" of the Complaint.

  3. Defendant admits, in part, that Defendant is an Attorney engaged in the practice of law, and denies the remaining part as to references of "debt collecting" as an answer to paragraph numbered "3 " in the Complaint, and refers all questions of law to the Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

4. Plaintiff is not a "consumer" as defined by 15 U.S.C. § 1692(a)(3), *et. seq.* as an answer to paragraph numbered "4" in the Complaint and refers all questions of law to the Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.* Plaintiff is/was a Landlord and conducted commercial business.

5. Defendant admits, in part, that Defendant is an Attorney engaged in the practice of law, and denies the remaining part as to references of "debt collector" as defined by 15 U.S.C. § 1692(a)(6), *et. seq.,* as an answer to paragraph numbered "5" in the Complaint, and refers all questions of law to the Court for determination as to the applicability of 15 U.S.C. § 1692, *et. seq.*

## JURISDICTION AND VENUE

6. Defendant acknowledges the jurisdiction of the Court.

7. Defendant acknowledges the venue of the Court.

## ANSWER TO ALLEGATIONS FOR CLASS ACTION

8. Defendant denies applicability and lacks information sufficient to state an answer or proof of the existence of a "class" relative to paragraphs numbered "8"" through "20" of the Complaint.

9. Defendant, *circa* November 2008, first requested Plaintiff to pay an invoice due for legal services for a Landlord/Tenant proceeding rendered in the City Court of the City of Yonkers. Defendant denies applicability and lacks information sufficient to state an answer or proof of the existence of a "class" of Landlords, and refers all questions of law to the Court for determination as to the applicability therein.

10. Defendant denies receipt of and benefit of "ill-gotten" gains.

11. That Plaintiff's Complaint fails to establish the necessity and requirements to establish a class action and refers all questions of law to the Court for determination as to the applicability therein.

### ANSWER TO FACTUAL ALLEGATIONS

12. Defendant acknowledges, in part, the allegations set forth in paragraphs numbered "21 ", "22 ", "23 ", "24 ", "25 ", and the first set of paragraphs numbered "26 "and "27 " of the Complaint. Defendant denies any and all inferences that Defendant began a "campaign of communications", and/or sent "massed-produced" form letters. Defendant lacks information sufficient to state an answer with respect to the remaining allegations set forth in said paragraphs.

### ANSWER TO THE FIRST CAUSE OF ACTION

13. Defendant denies knowledge and lacks information sufficient to state an answer to the second set of paragraphs numbered "26 " and "27 " and to paragraphs "28 " through "32 " of the Complaint, and refers all questions of law to the Court for determination thereunder.

### ANSWER TO THE SECOND CAUSE OF ACTION

14. Defendant denies knowledge and lacks information sufficient to the applicability of the "City of New York Administration Code", relative to stating an answer as to paragraphs numbered "33", "34", "35", "36", and refers all questions of law as to such applicability defined by 15 U.S.C. § 1692, *et. seq.* to the Court for determination thereunder.

### ANSWER TO THE JURY DEMAND

15. Notwithstanding Plaintiff's right to request a Jury Trial, Defendant respectfully submits that no jury would be required to determine triable issues of fact, and refers all questions of law as to such applicability defined by 15 U.S.C. § 1692, *et. seq.* to the Court for determination thereunder.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 15 thereof.

17. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Court lacks *in personam* jurisdiction over the Defendant, and, by reason thereof, each cause of action should be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 17 thereof.

19. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Plaintiff lacks standing; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 19 thereof.

21. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because it appears this action is brought forth by a "third-party", and not the Plaintiff himself. Accordingly, Plaintiff fails by want of capacity to allege facts sufficient to state a claim; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 21 thereof.

23. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because Plaintiff fails to set forth or allege facts sufficient to state a claim; and by reason thereof, each cause of action should be dismissed.  Moreover, it appears this action is brought forth by a "third-party", and not the Plaintiff himself.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 23 thereof.

25. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained because the Plaintiff has failed to name and/or join all necessary parties to the action; and by reason thereof, each cause of action should be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Defendant repeats and reiterates the answers set forth in paragraphs 1 through 25 thereof.

27. That Plaintiff's Complaint, and each cause of action contained therein, cannot be maintained pursuant to the Attorney's Doctrine of Fair and Good Faith dealings; and by reason thereof, each cause of action should be dismissed.

## AS AND FOR A COUNTERCLAIM

28. That Defendant spoke with Plaintiff's counsel prior to commencement of their action.  Despite an explanation by Defendant to said Counsel that this falls under a commercial transaction for $200.00, and thus not one of "consumer" debt, it is respectfully submitted that Plaintiff, Plaintiff's third-party, and/or Counsel, has in acted in bad faith by commencement of this unnecessary and frivolous action to seek $150,000.00.

29. That Defendant demands sanctions in the form of legal fees to be unjustly incurred in defense of Plaintiff's wasteful and frivolous action in the amount $5,000.00.  This Court may, in its discretion, award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct as defined in Rule 11, and/or under the spirit intended under the Lawsuit Abuse Reduction Act, and/or in accordance with 22 NYCRR 130-1.1(c) to any party or attorney in a civil action and, in addition or in lieu of awarding costs, may impose financial sanctions upon any party or attorney who engages in such frivolous conduct. 22 NYCRR 130-1.1(a).

30. That your deponent has been admitted to the practice of law in the State of New York, and is actively engaged in litigation in the Justice, City, Civil and Supreme Courts of the State of New York,  as well as, within the respective Federal District and Bankruptcy Courts of New York.

31. That upon information and belief, Plaintiff is duly licensed as an Attorney engaged in the practice of law in the State of New York, and as such, is subject to its jurisdiction and cognizant of the laws thereunder.

32. That the counterclaim/sanctions for the reasonable value of legal services rendered in a litigated action in Federal Civil Courts, to include, but not limited to, related work in defense of the Plaintiff's frivolous action is expected to exceed the amount of Five Thousand and 00/100 ($5,000.00) Dollars.

33. That the counterclaim/sanctions also seek any reasonable value of Defendant's potential increased fees for malpractice insurance due to notification of Defendant's carrier to defend the Plaintiff's frivolous action.  As a result therein, Defendant should be rewarded punitive damages as a result of Plaintiff's egregious and frivolous action.

**WHEREFORE,** Defendant demands Judgment dismissing the Plaintiff's Complaint, and award Defendant with costs, reasonable attorney's fees and/or punitive damages, and for any such further relief as the Court may deem just and appropriate.

Dated:  Ossining, New York
        March 10, 2014

    /**s**/ Stephen P. Dewey
STEPHEN P. DEWEY (SD1354)
Defendant
1 Gilbert Park
Ossining NY 10562
Mailing Address:
P.O. Box 2511
Briarcliff Manor NY 10510
(914) 923-6401